UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA

v.                                              Case No. 13-4951

JEFFREY LAWSON McCORMICK

RESPONSE TO GOVERNMENT'S
MOTION TO DISMISS

  The Appellant, Jeffrey McCormick, by counsel objects to the Motion to Dismiss filed herein by the Government, and in support states the following:

  The judgment was entered on October 23, 2013, the same day the Appellant appeared before the district court to be sentenced. The Government asserts the Appellant noted his appeal on December 12, 2013, the date his letter requesting an appeal was received by the clerk of this Court. However, the Appellant noted his appeal *pro se*. This letter bears a certificate of service showing the letter was delivered to the prison mailroom on "Dec. 2013 at 7:20 am." The envelope attached to this letter is dated December 9, 2013, the same date it was postmarked. (Ex. 1).

  In a letter to the clerk of the district court, the Appellant asserts his trial counsel indicated he would talk to him about a direct appeal after his sentencing hearing and he never did. (Ex. 2). The Appellant states, "within 24 hrs of the hearing I was moved to Central Virginia Regional Jail and placed in the seg unit for 8 days, therefor killing my chances of any appeal." (Ex. 2). The certificate of service for this letter is dated December 3, 2013, and the envelope shows it was mailed on December 9, 2013. (Ex. 2).

1

Counsel was able to obtain confirmation from the Central Virginia Regional Jail to show the Appellant was housed there from October 23, 2013 until November 7, 2013. He was given medical treatment while at that jail. (Ex. 3).

The Appellant maintains that he requested trial counsel note an appeal on his behalf after the sentencing hearing. He never saw trial counsel after he left the courtroom. He was immediately transferred to a jail in Orange, Virginia. Apparently he was transferred to a facility within the Bureau of Prisons on November 7, 2013.

The Appellant wrote a letter to the clerk of the district court on November 28, 2013, from FCI II in Butner, North Carolina. (Ex. 4). The Appellant was not able to take action to note his appeal from the time he was in jail in Orange until early December, because he was sick, receiving medical treatment, and waiting on money to be transferred to his phone account. (Ex. 5). He indicates he tried to call his trial counsel twice from the Central Virginia Regional Jail but since they were collect calls, counsel's office would not accept them. (Ex. 5).

The Government is asking this Court enforce the time limitations imposed by Fed. R. App. P. 4(b). However, this Court has determined these limitations are not jurisdictional. United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). This Court has held that when the Government invokes the time bar, it may decide to enforce the it "when judicial resources or administration are implicated or the delay in noting the appeal has been inordinate." United States v. Tejada-Martinez, 475 Fed. Appx. 482, 483 2012 WL 11184337 (C.A. 4 (S.C)) (holding a filing delay of fifty-two days was "not inordinate, and consideration of the merits of the case will not waste judicial resources").

Given the fact the Appellant was not able to effectively communicate his wish to note an appeal to his trial counsel after he was transferred from Lynchburg to Orange, Virginia, and then to FCI Butner; the Appellant's failure to note an appeal exactly within the time frame contemplated by Rule 4(b) is excusable or was based on good cause.

It is not clear what day in December the Appellant delivered the Notice of Appeal to the prison mail room. There is no way to ascertain how long it was there before the prison mailed it on December 9, 2013. Based on the letter to the district court (Ex. 2), that was delivered to the prison mail room on December 3, 2013, and mailed six days later, there is evidence of a delay of almost a week from the time a prisoner delivers a letter to the mail room and the time it is mailed. Acceptance of this possibility puts the Notice of Appeal being delivered within the proper time frame contemplated by Rule 4(b). The Appellant delivered the Notice of Appeal to the mail room around December 3, 2013, and he had no control of when it was mailed. Fourteen days after the judgment was entered would be November 6, 2013. Excusable neglect would then extend this until December 6, 2013.

For the reasons set forth above and based upon the exhibits attached hereto, the Appellant respectfully requests this court deny the Government's motion to dismiss his appeal as untimely.

                                      Respectfully submitted,
                                      JEFFREY McCORMICK
                                      By Counsel

\_\_s/ Helen E. Phillips_____
Helen E. Phillips, VSB No. 29708
Allen, Kopet & Associates, PLLC
P.O. Box 1119
Bristol, Virginia 24203
276-644-5560
276-644-5561 (fax)
hphillips@allen-kopet.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2014, I filed this pleading using the ECF system which shall give notice to all parties of record, and I mailed a copy to Jeffrey L. McCormick, Inmate #0399-084, FCI Butner Medium II, P.O. Box 1500, Butner, NC 27509.

\_\_\_s/ Helen E. Phillips_____
Helen E. Phillips